UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| CORNELIUS J. CARTER | 18-21-SDD-RLB |

**RULING**

This matter is before the Court on the Defendant's motion for compassionate release (R. Doc. 697) filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Government opposes this motion. *See* R. Doc. 717. For the following reasons, the motion is denied.

**I.     BACKGROUND**

Defendant is currently incarcerated at FCI Oakdale I following his guilty pleas to conspiracy to launder monetary instruments and conspiracy to obtain, distribute, and possess with intent to distribute five or more kilograms of cocaine and one or more kilograms of heroin. His projected release date is March 29, 2028. Defendant's Pre-Sentence Report ("PSR") recounts that the Defendant was involved in a drug trafficking organization. The Defendant was responsible for transporting large amounts of money from the Baton Rouge area to the Houston area to purchase cocaine and transport the drugs back to the Baton Rouge area. Defendant made two such trips, and the second was interrupted by law enforcement. The Defendant played a minor role in the operation. On January 8, 2020 he was sentenced to 120 months imprisonment, which is the mandatory minimum.

The Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming that he is at a higher risk of contracting Covid-19 due his pre-existing

health conditions of bronchitis and diabetes. He further asserts that because he is immunocompromised, he would suffer sever health consequences if he contracts Covid-19. The Government opposes the Defendants' motion, arguing that while he does suffer from a different health condition (obesity) that would constitute an extraordinary and compelling reason under the First Step Act for a reduction in sentence, the defendant should not be released because he has not demonstrated that his risk of severe illness would be reduced if released and that the Section 3553(a) factors do not support his release.

II. **LAW AND ANALYSIS**

    A. **Exhaustion of Remedies**

There is no dispute that the Defendant has exhausted his administrative remedies under the First Step Act, and his motion is ripe for review. The Bureau of Prisons (BOP) has confirmed that, more than 30 days prior to the filing of the instant motion, the Defendant submitted a request that the warden "bring a motion on the defendant's behalf" as required by 18 U.S.C. § 3582(c)(1)(A). The request was subsequently denied by the warden. As such, it is undisputed that the Defendant has exhausted his administrative remedies as required by the statute.

    B. **Extraordinary and Compelling Reasons**

28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. The Sentencing Guidelines policy statement appears at § 1B1.13 and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger

to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Additionally, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A) Medical Condition of the Defendant.—
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

In its opposition memorandum, the Government concedes that the Defendant suffers from a pre-existing health conditions, which according to the CDC places him at risk of severe illness

from COVID-19, and provides a sufficiently "extraordinary and compelling reason" for release. Though the government denies that the Defendant suffers from bronchitis and diabetes, the Government acknowledges that the Defendant is obese.

However, neither the Defendant nor the Government has acknowledged that the Defendant tested positive for Covid-19 in April of 2020. *See* R. Doc. 718-1, p. 111. The Defendant experienced a brief period of shortness of breath and intermittent fever. As noted by the Court in United States v. Bakers, 2020 WL 4584195, (E.D. La. August 10, 2020):

> Courts have denied COVID-19-based motions for compassionate release filed by inmates who have already contracted the virus. *See, e.g., United States v. Dan*, 2020 WL 3453845, at *5 (D. Haw. June 24, 2020) (explaining that defendant already tested positive for COVID -19, was deemed recovered, and did not claim that he was currently suffering from any symptoms); *United States v. Mogan*, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) ("[G]iven Petitioner's current COVID-19 diagnosis, granting his request would not enable him to obtain the relief he sought by filing this motion – avoiding contracting COVID-19."); *United States v. Russo*, 2020 WL 1862294, at *8 (S.D.N.Y. Apr. 14, 2020) (denying otherwise meritorious motion for compassionate release because defendant tested positive for COVID-19 during the pendency of the motion); *see also United States v. McCollough*, 2020 WL 2812841, at *2 (D. Ariz. May 29, 2020) ("Since Defendant has contracted COVID-19, the relevant questions concern (1) the course of his illness, (2) the state of his health, (3) his prognosis, and (4) the adequacy of the care and treatment being provided to him in BOP given his pre-existing conditions. ... Defendant had a mild case of the virus and has recovered. There is no evidence that the circumstances surrounding Defendant's health or treatment are extraordinary or compelling.")

Defendant, who experienced mild symptoms of COVID-19 while infected, has not reported any lingering effects or worsening of his health condition. Further, according to the CDC's current findings, "there are no confirmed reports to date of a person being reinfected with COVID-19 within 3 months of initial infection." CTRS. FOR DISEASE CONTROL & PREVENTION, *Coronavirus Disease 2019 (COVID-19): Duration of Isolation and Precautions for Adults with COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html (last visited Sept. 24, 2020); *see also United States v. Decker*, 2020 WL 3268706, at *2 (S.D.N.Y. June 17, 2020) ("However remote or probable, the possibility of reinfection is speculative, as no definitive

medical conclusions have been reached on [whether] prior infection with COVID-19 results in immunity from future infection (as is the case with some but not all viral infections) and, if so, the duration of any such immunity.").

While Defendant suffers from a medical condition that places him at an increased risk of serious illness, he did not become severely ill or develop life-threatening complications when he was infected with COVID-19, such that he would no longer be able to provide self-care while incarcerated. *See United States v. Dan*, 2020 WL 3453845, at *5 (D. Haw. June 24, 2020) ("Defendant claims that he suffered a number of [COVID-19] symptoms, none of which were so severe as to require medical treatment or hospitalization."); *United States v. Russo*, 2020 WL 1862294, at *8 (S.D.N.Y. Apr. 14, 2020) ("There also is no suggestion that the [defendant's] condition [due to COVID-19 infection] is terminal."); *cf. United States v. McCall*, 2020 WL 2992197, at *2 (M.D. Ala. June 4, 2020) (granting motion for compassionate release for COVID-19-positive inmate with sickle cell disease whose condition was life-threatening and for whom the BOP had not been able to provide adequate medical care). Rather, it appears that the BOP provided him with adequate medical care. As such, the Court does not find that the possibility of the Defendant becoming reinfected with COVID-19, which is speculative, rises to the level of an "extraordinary and compelling reason" for release. *See United States v. Davis*, 2020 WL 3790562, at *3 (S.D.N.Y. July 7, 2020) ("Although the Court understands [the defendant's] concerns of reinfection, it cannot conclude that this risk is an extraordinary and compelling reason for a significant sentence reduction."); *United States v. McCollough*, 2020 WL 2812841, at *2 (D. Ariz. May 29, 2020) ("Arguments that ... Defendant could suffer reinfection are not persuasive and the Court will not speculate about these possibilities."). COVID-19 is not confined to the prison setting, and the risk of reinfection is not known to be worse inside prison as opposed to out.

### III. CONCLUSION

In sum, granting the Defendant's request would not enable him to obtain the relief he seeks. Release would not increase his chances of not contracting COVID-19 since he has already contracted and recovered from the virus. Further, his medical records lack any evidence that his health and treatment are extraordinary or compelling. Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Motion (R. Doc. 697) is **DENIED**.

Signed in Baton Rouge, Louisiana on January 5, 2021.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**